# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0440 (05 CR 0848-9) | **DATE** | February 16, 2011 |
| **CASE TITLE** | Eddie Banks (#21997-424) vs. United States of America | | |

**DOCKET ENTRY TEXT:**

The petitioner/defendant is directed either to file an application to proceed *in forma pauperis* on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or to pay the full $39.00 miscellaneous filing fee. The clerk is directed to send the petitioner an i.f.p. application along with a copy of this order. Failure of the petitioner to comply with this order within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**      Docketing to mail notices.

## STATEMENT

The petitioner/defendant, a federal prisoner, has filed a motion for the return of seized property pursuant to Fed. R. Crim. P. 41(g). The petitioner contends that because the property in question (some $500 in U.S. currency) was not subject to administrative forfeiture, it should be returned to him.

The petitioner has neither paid the miscellaneous filing fee of $39.00 required for this type of case nor filed a motion for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee and make provisions for installment payments if the full statutory filing fee is not paid at the outset. *See* 28 U.S.C. § 1915(b)(1). The court will direct prison officials to deduct the initial filing fee payment directly from the petitioner's trust fund account. Thereafter, correctional authorities having custody of the petitioner will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the petitioner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore,

**(CONTINUED)**

| | mjm |
|---|---|

if the petitioner wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from July 19, 2010, through January 19, 2011].

In sum, the petitioner must, within thirty days of the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $39.00 filing fee. The clerk will furnish the petitioner with an *in forma pauperis* application along with a copy of this order. Failure of the petitioner to comply within thirty days will result in summary dismissal of this case.

The petitioner is reminded that he must provide the court with the original plus a judge's copy of every document filed.

James F. Holderman